PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BERK ENTERPRISES, INC., *et al.*, | ) |
| | ) CASE NO. 4:11-cv-02119 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| GEORGE D. BROWN, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants | ) **AND ORDER** |
| | ) [Resolving ECF No. 6] |

**I. Introduction**

Before the Court is Plaintiffs' "Objection to Notice of Removal with Motion to Remand Back to Trumball County Common Pleas Court." ECF No. 6. Defendants have filed a memorandum in opposition. ECF No. 8. After reviewing the supporting briefs, and having construed Plaintiffs' filing as a motion to remand, the Court denies the motion for the reasons set forth below.

**II. Discussion**

Plaintiffs' sole argument for remand is based on 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

(4:11CV02119)

While Plaintiffs acknowledge that their asserted claims[1] against Defendants in the instant case are premised upon both the U.S. Constitution and the Ohio State Constitution, they contend that State law predominates as their federal causes of action are only ancillary "in providing a remedy for the determination of a violation of Plaintiff's rights under Ohio law." ECF No. 6 at 3. Therefore, Plaintiffs argue that pursuant to 28 U.S.C. §1441(c), the Court should exercise its discretion and remand the entire case to State Court.

  The Court finds Plaintiffs' interpretation of §1441(c) to be in error. Although the statutory language provides that "the district court . . .in its discretion, may remand all matters in which State law predominates," the provision's language "is best understood as allowing a court to remand the otherwise non-removable claims rather than a whole case including properly removed claims arising under federal law." See *Springdale Venture, LLC v. US Worldmeds, LLC*, 620 F. Supp. 2d 810, 813 (W.D. Ky., 2009) (citing *Majeske v. Bay City Bd. of Ed.*, 177 F.Supp.2d 666, 672 (E.D. Mich. 2001) (internal quotations omitted). Thus, contrary to Plaintiffs' assertion, this provision does not authorize a court to remand a federal question based claim merely because state law predominates. See *Springdale Venture, LLC* , 620 F. Supp. 2d  813.

  Given that the Court has jurisdiction over Plaintiffs' claims arising under the U.S. Constitution, pursuant to 28 U.S.C. §1331, and §1441(c) does not authorize the Court to remand

---

[1] Specifically with respect to the federal claims, the Complaint indicates that Plaintiffs seek redress for violations of the Fifth and Fourteenth Amendments to the U.S. Constitution, enforceable through the vehicle of 42 USC § 1983. ECF No. 3-1 at 2-8. Plaintiffs also seeks redress for alleged violations of §§1, 14, 16 of Article I of the Ohio State Constitution. ECF No. 3-1 at 8.

(4:11CV02119)

such claims, Plaintiffs' argument that the instant case–including federal question based claims–warrants remand fails.  Plaintiffs' motion is therefore denied.

    IT IS SO ORDERED.

| | |
|---|---|
|  December 9, 2011  <br> Date |   /s/ Benita Y. Pearson<br>Benita Y. Pearson<br>United States District Judge |